**Dewitt WHITE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–81–0618–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 28, 1982.

Phillips Bozzo, Jr., Houston, for appellant.

Winston E. Cochran, Jr., Houston, for appellee.

Before WARREN, DUGGAN and PRICE, JJ.

WARREN, Justice.

Appellant was convicted of burglary of a habitation; enhanced by a prior felony conviction, his punishment was assessed at 30 years confinement.

The two main questions are: (1) whether a garage attached to and under the same roof as a house, but with no front door enclosing it, is a habitation as defined by Tex.Penal Code Ann. § 30.01 and § 30.02; and (2) whether appellant was denied effective assistance of counsel.

On February 23, 1980, at about 11:30 p.m., complainant and his son were watching television at their home when his son told complainant that somebody was in the garage. The garage was attached to the home and was under the same roof. There was no door on the front of the garage and complainant's automobile was parked so that the front half was in the garage and the back half was not. Complainant got a pistol, went with his son out the front door of the house, stood at a corner of the house near the garage, and watched appellant move welding equipment from the back of the garage to the front entrance. According to complainant, he asked appellant what he was doing and appellant replied, "I am not stealing." Complainant then fired eight shots at appellant. Appellant crawled under the automobile; when he attempted to come out on the opposite side, complainant struck him with the pistol and detained him until the police arrived.

Appellant testified that he went into the garage while pursuing his runaway dog. He denied moving any equipment or tools.

▮ Appellant contends that there is insufficient evidence to support the conviction because as a matter of law the garage was not a habitation, and that the judge should have so instructed the jury. Appellant's contention is grounded on the fact that since the garage was lacking a front door, it was not an enclosed or secured structure and thus did not constitute a habi-

tation. In support of this contention, appellant relies on *Swain v. State*, 583 S.W.2d 775 (Tex.Cr.App.1979), wherein the court held that the entry by a defendant upon a stairway connected to a habitation would not authorize a conviction for burglary of a habitation because burglary of a habitation did not include an entry upon an unenclosed and unsecured stairway attached to a residence.

Tex.Penal Code Ann. § 30.01 provides:

(1) "Habitation" means a structure or vehicle that is adapted for the overnight accommodation of persons, and includes:

(A) each separately secured or occupied portion of the structure or vehicle; and

(B) each structure appurtenant to or connected with the structure or vehicle.

(2) "Building" means any enclosed structure intended for use or occupation as a habitation or for some purpose of trade, manufacture, or use.

There can be little argument that the garage in question is a structure appurtenant to and connected to the house of complainant. Under (B) of the above statute the garage would be a habitation. Tex.Penal Code Ann. § 30.02(a)(1) defines burglary as follows:

(a) A person commits an offense if, without the effective consent of the owner, he:

(1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft; or

(2) remains concealed, with intent to commit a felony or theft, in a building or habitation; or

(3) enters a building or habitation and commits or attempts to commit a felony or theft.

(b) For purposes of this section, "enter" means to intrude:

(1) any part of the body; or

(2) any physical object connected with the body.

(c) Except as provided in subsection (d) of this section, an offense under this section is a felony of the second degree.

(d) An offense under this section is a felony of the first degree if:

(1) the premises are a habitation.

After reading both statutes, it is apparent that before a structure may be considered a building, it must be enclosed, but there is no such requirement for a habitation.

Appellant's first and second grounds of error are overruled.

■ Appellant's third ground of error asserts that there is no evidence to show that he had the intent to commit theft. It is well settled that where an entry into a habitation is made at nighttime without the owner's consent, the intent to commit theft is presumed. *Moss v. State*, 574 S.W.2d 542 (Tex.Cr.App.1978).

■ The evidence shows that appellant's entry occurred at 11:30 p.m., which was well after sunset and well before sunrise. Further, the testimony of complainant that appellant moved the welding equipment from the back of the garage to the front entrance is sufficient to show an intent to commit theft. *Williams v. State*, 537 S.W.2d 936 (Tex.Cr.App.1976). Appellant's third ground of error is overruled.

Appellant's fourth ground of error alleges that the State committed error when the prosecutor argued that one of the offenses on which the jury was charged was a lesser offense and that the jury should convict appellant of the greater offense. There is no error. *McClure v. State*, 544 S.W.2d 390 (Tex.Cr.App.1977).

Appellant's last ground of error alleges that he was denied the assistance of effective counsel because:

(1) his counsel failed to object to the court's failure to charge the jury that appellant's entry into the garage was not burglary of a habitation because the structure was not enclosed, and

(2) his counsel made a prejudicial argument to the jury by telling the following:

I think the story he had told you is almost unbelieveable. When he told it to me I thought it was almost unbe-

lieveable... It's a hard one to believe. The more hard it is to believe the more it might be right.

\* \* \* \* \* \*

I grant you that's a hard story to swallow. I think it is. I thought it was when I heard it and I still do.

(3) his counsel made an ineffective argument on the punishment phase by failing to argue that appellant could be rehabilitated.

None of these allegations has merit.

The first of the above allegations will not be discussed because we have previously discussed this contention and held that the garage was a habitation. We disagree with appellant's allegation that the argument of his counsel at the guilt and punishment stages was ineffective. Given the incriminating fact situation confronting his client, counsel was duty bound to attempt to extricate his client by explaining the circumstances to the jury in a manner which the members were most likely to believe.

It would take more than effective counsel to convince a jury in a conventional manner that appellant was in the garage looking for his dog, especially in the face of the testimony that appellant had previously been convicted on four occasions of crimes involving moral turpitude, and more especially in the face of complainant's testimony that he saw appellant move the welding equipment to the front of the garage.

Appellant contends that at the punishment stage his counsel should have stressed appellant's youth and possibility of rehabilitation. His counsel argued that fifteen years was a long time for any man to serve in the penitentiary, and emphasized that only appellant was hurt and nothing was taken. We are of the opinion that his counsel's tack was more likely to be effective than trying to convince a jury that a young man with four previous convictions involving moral turpitude could be rehabilitated.

Further, we should not indulge in second-guessing the strategy of counsel at trial. *Blott v. State*, 588 S.W.2d 588 (Tex. Cr.App.1979).

Affirmed.