**Donald Ray McNEIL, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–81–098–CR.**

Court of Appeals of Texas, Fort Worth.

March 31, 1982.

Robert L. Crill, Fort Worth, for appellant.

Tim Curry, Dist. Atty. and C. Chris Marshall, Fort Worth, for appellee.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

## OPINION

HUGHES, Justice.

Donald Ray McNeil has appealed his conviction of the offense of attempted burglary. He was assessed ten years confinement in the Texas Department of Corrections by the jury that found him guilty.

Appellant urges two grounds of error, namely that the evidence was insufficient to prove: 1. his intent to commit theft or 2. a burglarious entry by him.

Police, in answer to a burglar alarm, converged on the manager's office of an apartment complex shortly after 1:00 a. m. When their lights illuminated the scene, they showed appellant with his hands on the "burglar bars" inside a window of the manager's office. The glass of the window had been broken. The man was crouched below the window, with his hands up on the bars when the spotlight hit him. Immediately he broke and ran for about 50 yards until captured by one of the police.

A search of his person disclosed a screwdriver and an open-ended hand wrench in his possession. Examination of the window disclosed it had been broken and raised after the screen was removed. Two of the iron "burglar bars" had been tampered with or pried loose.

Dezeria Thomas, appellant's girl friend, lived in one of the apartments in the complex. She testified that her apartment was ten yards from the manager's office. She also testified that appellant came to her place twice on the night in question, at nine and after midnight. He was drinking and they argued rather vehemently both times and he was "very, very angry" when he left the second time.

When the appellant put his hands through the window to the "burglar bars" that night the jury was justified in presuming he intended to commit theft. *Moss v. State*, 574 S.W.2d 542 (Tex.Cr.App.1978); *Clark v. State*, 543 S.W.2d 125 (Tex.Cr.App. 1976). We find no rebuttal in the record. *Williams v. State*, 537 S.W.2d 936 (Tex.Cr. App.1976). Both the apartment manager and the handyman testified that appellant had no permission from them to enter the office. Add to this appellant's flight from the scene, one has circumstances pointing to guilt. *Vaccaro v. United States*, 296 F.2d 500 (5th Cir. 1961) *cert. denied* 369 U.S. 890, 82 S.Ct. 1164, 8 L.Ed.2d 289.

We overrule both grounds of error and affirm.