William GAYLE, a/k/a William Marvin Gaye, Appellant,

v.

The STATE of Texas, Appellee.

No. 01-85-0890-CR.

Court of Appeals of Texas, Houston (1st Dist.).

July 24, 1986.

Roland B. Moore, III, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., David E. Brothers, Gladys Aguero, Harris Co. Asst. Dist. Attys., Houston, for appellee.

Before SAM BASS, COHEN and DUNN, JJ.

## OPINION

SAM BASS, Justice.

A jury found appellant guilty of burglary of a habitation with intent to commit theft, enhanced by one prior conviction, and assessed his punishment at 75 years in prison. In three grounds of error, appellant contends that the evidence was insufficient, that the prosecutor made an impermissible comment on his failure to testify, and that the court was not authorized to enter a finding in the judgment as to the date of the commission of the offense. We affirm.

Clarence Robertson, his wife, and J.P. Moye arrived at the Robertsons' apartment about 11:00 a.m. on May 10, 1984. Moye emptied some trash at the dumpster while Mr. and Mrs. Robertson went to their second floor apartment. The apartment door was locked. Robertson unlocked and opened his apartment door and found appellant standing inside his living room. Appellant tried to walk out past Robertson, but Robertson tackled him on the landing. Moye heard the commotion, came upstairs, and held appellant's arm while Robertson searched him for weapons. None were found. Appellant told his captors that his partner was inside the apartment with Robertson's gun. Robertson released his hold on appellant, and Moye tried to drag appellant down the stairs, but appellant broke loose on the stairs and ran past Moye. Moye caught appellant on the other side of the parking lot and held him till Robertson came to help. Two unidentified people appeared and gave Robertson and Moye a knife and a cord with which to tie appellant until the police arrived.

Robertson testified that when he left his apartment at 7:00 that morning, everything had been in its proper place, but when he opened the door at 11:00, the place had been ransacked, with drawers pulled out and his belongings strewn about. When he left that morning, his stereo was in the far corner of the living room towards the kitchen, and his computer was in his bedroom. When he returned, his stereo had been broken down into individual component parts and both the stereo and the computer had been moved to the front door.

Robertson testified that a watch, a gold chain, his old driver's license, and some old bank statements or books were missing from a dresser drawer in his bedroom. Robertson testified that a police officer returned these items and that the officer got the items from "the gentleman," but he did not see the police officer search appellant. On cross-examination, Robertson admitted that he did not really know from whom or where the police obtained the items and that the items were handed to him upstairs in his apartment.

Moye testified that he saw the officers search appellant and pull a chain and several other items out of appellant's left pants pocket. Moye said that Robertson also saw the police search appellant, and that Robertson was asked at that time whether these things belonged to him and his wife.

Houston police patrolman Pardue testified that he searched appellant and took from appellant's pocket a 16-inch chain with a locket, a lady's watch, a bank savings book, five old driver's licenses with Robertson's name on them, and a small silky bag with some change in it. The patrolman testified that Robertson identified the items as being his property, and the items were returned to him. The patrolman also testified that a window of the apartment had been pried or raised open.

The indictment alleged that appellant entered Robertson's habitation with intent to commit theft. In his first ground of error, appellant contends that the evidence was insufficient to show that he had the intent to commit theft at the time he entered the complainant's apartment. He argues that the destruction caused to the apartment showed that his intent was to commit criminal mischief, not theft.

 Evidence that a defendant was found in recent, unexplained, personal possession of any items taken in a burglary is sufficient to convict for the burglary. *Jackson v. State*, 645 S.W.2d 303, 306 (Tex. Crim.App.1983). Appellant argues on appeal that this theory may not be used to affirm his conviction, because the evidence showing such possession was inadmissible hearsay. No objection was made at trial to this testimony. The general rule in Texas has been that hearsay evidence, even admitted without objection, may not be considered in determining the sufficiency of the evidence. *See Gardner v. State*, 699 S.W.2d 831, 834–35 (Tex.Crim.App.1985). This rule has now been overruled by *Chambers v. State*, 711 S.W.2d 240 (Tex. Crim.App.1986). A reviewing court considering sufficiency of the evidence questions

will now consider all the evidence, including unobjected to hearsay. *Id.* at 247.

■ Evidence that the complainant's property was found in appellant's pocket; that appellant was inside the complainant's apartment without permission; that entry was through a window; that appellant attempted to flee; that the apartment had been ransacked; that many of the complainant's possessions had been moved from their accustomed place; and that the complainant's stereo and computer had been moved to a spot near the front door is sufficient to infer intent to commit theft. *See Draper v. State,* 681 S.W.2d 175, 177 (Tex.App.—Houston [14th Dist.] 1984, pet. ref'd).

The first ground of error is overruled.

■ Appellant next contends that, during argument on guilt, the prosecutor commented on appellant's failure to testify. The federal and Texas constitutions, as well as Texas statutory law, prohibit a prosecutor from commenting on a defendant's failure to testify. *Short v. State,* 671 S.W.2d 888, 890 (Tex.Crim.App.1984); U.S. Const. amend. V; Tex. Const. art. I. § 10; Tex.Code Crim.P.Ann. art. 38.08 (Vernon 1979). To constitute a comment on the failure to testify, the language of a prosecutor's statement must be either manifestly intended to be, or be of such character that the jury would naturally and necessarily take it to be a comment on the defendant's failure to testify. To constitute reversible error, an indirect comment on the failure to testify must call for a denial of an assertion of fact or contradictory evidence that only the defendant is in a position to offer. *Short,* 671 S.W.2d at 890.

■ Appellant contends that the following argument necessarily referred to appellant's failure to testify, because the appellant was the only witness the defense could have called to rebut the State's case. The prosecutor argued, "And where, ladies and gentlemen, did you hear from anyone on this witness stand that there was a conflict that this happened on May the 10th of 1984? Who told you that—." The prose-cutor was interrupted by defense counsel's objection that the prosecutor was commenting on the defendant's failure to testify. The court told the jury to go by the court's charge, but did not rule on the objection.

Generally, an objection to jury argument is waived if no ruling is obtained thereon. *Medrano v. State,* 658 S.W.2d 787, 792–93 (Tex.App.—Houston [1st Dist.] 1983, pet. ref'd). No objection is required, however, if the argument is so prejudicial that no instruction could cure the harm. *Green v. State,* 682 S.W.2d 271, 295 (Tex.Crim.App. 1984). A comment on a defendant's failure to testify is considered so inflammatory that an instruction to disregard is not sufficient to cure the error. *Johnson v. State,* 611 S.W.2d 649, 650–51 (Tex.Crim.App.1981). Appellant's objection was not waived.

Defense counsel argued to the jury that the evidence was in conflict, because complaining witness Robertson testified that appellant ran down the stairs past Moye, and Moye testified that he reached the top of the stairs and held appellant while Robertson searched for a weapon. A review of the statement of facts shows little conflict between the accounts given by Moye and Robertson, though each adds details not mentioned by the other. Nevertheless, the defense argued that both accounts could not be true. The defense also emphasized other alleged inconsistencies in the testimony. Defense counsel argued that the conflicts in the testimony of the three State's witnesses showed that the testimony of Robertson and Moye was fabricated or at least created reasonable doubt of appellant's guilt.

■ When the prosecutor made her closing argument in response to the defense argument, she attempted to persuade the jury that the State's witnesses were not lying, and began to point out the lack of conflict in the important particulars of the case. It was at this point that she made the complained of comment. The implication was not that appellant failed to testify, but that there was no conflict among the State's witnesses regarding the fact that the burglary took place on May 10, 1984.

The jury would have neither naturally nor necessarily taken the comment to refer to appellant's failure to testify.

The second ground of error is overruled.

Finally, appellant contends that the trial court was not authorized to enter a finding in the judgment as to the date of the commission of the offense where appellant's guilt and punishment were determined by a jury. Appellant requests this Court to delete the finding from the judgment, and argues that this situation is analogous to the finding of use of a deadly weapon pursuant to Tex.Code Crim.P.Ann. art. 42.-12, § 3g(a)(2) (Vernon Supp.1986). When the jury is the trier of fact at both the guilt and punishment stages of trial, the trial judge has no authority to enter in the judgment a finding on the use of a deadly weapon unless the jury has answered affirmatively a special issue on the question or has impliedly found the use of a deadly weapon by finding the defendant "guilty as charged in the indictment." In the latter instance, the finding may be implied if the indictment specifically alleged the use of a "deadly weapon" or the weapon pled is per se a deadly weapon. *Fann v. State,* 702 S.W.2d 602, 604–05 (Tex.Crim.App.1985) (op. on reh'g); *Polk v. State,* 693 S.W.2d 391, 396 (Tex.Crim.App.1985).

Appellant argues that no special issue on the date of the offense was submitted to the jury, and the date could not be implied from the jury's finding of guilt "as charged in the indictment," because the indictment alleged the date of the offense as "on or about May 10, 1984."

Effective January 1, 1986, Tex.Code Crim.P.Ann. art. 42.01, § 1(14) (Vernon Supp.1986) provides, "The judgment should reflect ... the date of the offense...." There is no directive regarding an "affirmative finding" on the date of the offense, as found in article 42.12, § 3g(a)(2) regarding use of a deadly weapon. The evidence as to the date of the offense was not in conflict.

We hold that the trial court has authority to enter the date of the offense on the judgment when the indictment alleges that the offense was committed "on or about" a certain date, and the evidence undisputedly shows that the offense was committed on that date. *See Latson v. State,* 713 S.W.2d 137 (Tex.App.—Houston [1st Dist.] 1986) (holding that the trial court has authority to enter in the judgment the date of the offense when the trial judge is the trier of fact on punishment).

The third ground of error is overruled.

The judgment is affirmed.