Opinion issued November 13, 2003



     












In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00932-CR




LEONARD WEATHERSPOON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 400th District Court
Fort Bend County, Texas
Trial Court Cause No. 35,426A




MEMORANDUM OPINION
          A jury convicted appellant, Leonard Weatherspoon, of burglary, found an
enhancement allegation in the indictment true, and assessed punishment at 40 years’
confinement. The jury also imposed a $10,000 fine. On appeal, appellant contends
that the evidence was legally insufficient and factually insufficient to convict him.
          We affirm.
FACTS
          At around 1:00 a.m., on the morning of October 14, 2002, the complainant,
Judy Adamson, looked out her bathroom window to see a man walking in and out of
the garage attached to her residence. The man was later identified as appellant. After
observing appellant enter and exit the garage two or three times, Ms. Adamson called
the police. Officer Jesse Martin and Detective Dixie Brzozowski of the Richmond
Police Department responded to Ms. Adamson’s call. 
          When the officers arrived at Ms. Adamson’s residence, appellant was standing
on the driveway. Upon seeing the officers, however, appellant fled. The officers
gave chase, but appellant escaped by running through a wet field. During the chase,
Detective Brzozowski was able to see appellant’s face and clothing clearly when he 
ran under Ms. Adamson’s porch light. Immediately after the chase, the officers
inspected Ms. Adamson’s garage and found several cuts of frozen meat on the garage
floor. The meat had come from a freezer in the garage. 
          After inspecting the garage, Officer Martin broadcasted appellant’s description
over the police radio. Within an hour, the officers were notified that a man meeting
appellant’s description was at a nearby gas station. When the officers arrived at the
gas station, appellant was sitting inside. Although appellant had changed his jacket,
he was otherwise wearing the same clothing as he wore when the officers saw him
earlier. Also, the legs of appellant’s pants were wet. 
          Detective Brzozowski identified appellant as the man whom she had seen
running from Ms. Adamson’s yard. The officers approached appellant, but before the
officers could question him about the burglary, appellant motioned towards Ms.
Adamson’s house and stated, “if them people saw me, go ahead and take me in.” 
Appellant was placed under arrest.
STANDARD OF REVIEW
          Appellant asserts that the evidence at trial was insufficient to convict him
because, “a conviction on circumstantial evidence cannot be sustained if the
circumstances do not exclude every other reasonable hypothesis except that of the
guilt of the accused, and proof amounting to only strong suspicion or mere probability
is insufficient.”
          The proposition asserted by appellant—known as the reasonable hypothesis of
innocence analytical construct standard of review—has been abandoned by Texas
courts. Geesa v. State, 820 S.W.2d 154, 161 (Tex. Crim. App. 1991), overruled in
part on other grounds by Paulson v. State, 28 S.W.3d 570 (Tex. Crim. App. 2000); 
Stoutner v. State, 36 S.W.3d 716,722 (Tex. App.—Houston [1st Dist.] 2001, pet.
ref’d). When reviewing the sufficiency of evidence in criminal convictions, we now
depend on the following standards of review. 
          In a legal-sufficiency review, we view the evidence in the light most favorable
to the prosecution to determine whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. King v. State, 29
S.W.3d 556, 562 (Tex. Crim. App. 2000); Howley v. State, 943 S.W.2d 152, 155
(Tex. App.—Houston [1st Dist.] 1997, no pet.). If there is evidence to establish that
the defendant is guilty beyond a reasonable doubt, and the trier of fact believes that
evidence, we cannot reverse the judgment on sufficiency of the evidence grounds. 
Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). Furthermore,
although a legal-sufficiency analysis entails a consideration of all evidence presented
at trial, we may neither re-weigh the evidence nor substitute our judgment for the
jury’s. King, 29 S.W.3d at 562. The jury, as the trier of fact, is the sole judge of the
credibility of the witnesses. Obigbo v. State, 6 S.W.3d 299, 304 (Tex. App.—Dallas
1999, pet. ref’d). 
          In a factual-sufficiency review, we take a neutral view of the evidence, both for
and against the finding, to determine (1) if the proof of guilt is so obviously weak as
to undermine confidence in the jury’s determination, or (2) if the proof of guilt,
although adequate if taken alone, is greatly outweighed by contrary proof. King, 29
S.W.3d at 563. In our review, we must consider the most important evidence that the
appellant claims undermines the jury’s verdict. Sims v. State, 99 S.W.3d 600, 603 
(Tex. Crim. App. 2003). It is within the exclusive purview of the jury to determine
the credibility of witnesses and the weight to be given witness testimony. Margraves
v. State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000); In re L.R., 84 S.W.3d 701, 705
(Tex. App.—Houston [1st Dist.] 2002, no pet.). The jury’s determination may be
reversed only upon a finding that a manifest injustice has occurred. King, 29 S.W.3d
at 563. 
BURGLARY
          A person commits the offense of burglary if that person (1) enters a habitation,
or a building (or any portion of a building) not then open to the public, (2) without
the effective consent of the owner, (3) with the intent to commit theft. Tex. Pen.
Code Ann. § 30.02 (Vernon 2003). The term “habitation,” as defined by section 30
of the Penal Code, includes a garage attached to a home and under the same
roof—even if the garage is open or lacks a door. See Tex. Pen. Code Ann. § 30.01
(Vernon 2003); White v. State, 630 S.W.2d 340, 342 (Tex. App.—Houston [1st Dist.]
1982, no pet.). Furthermore, in a prosecution for burglary, an entry made at night and
without consent is presumed to have been made with the intent to commit theft. 
Wilkerson v. State, 927 S.W.2d 112, 115 (Tex. App.—Houston [1st Dist.] 1996, no
pet.)(citing Mauldin v. State, 628 S.W.2d 793, 795 (Tex. Crim. App. 1982)). 
 
 
SUFFICIENCY OF THE EVIDENCE
A.      Legal Sufficiency of the Evidence
          In his first point of error, appellant contends that the evidence presented at trial
was legally insufficient to convict him of burglary.
          The State presented evidence that appellant entered Ms. Adamson’s garage at
around 1:00 a.m., on the morning of October 14, 2002. Furthermore, the garage into
which appellant entered was attached to and shared a roof with Ms. Adamson’s
house. Finally, Ms. Adamson testified that she never gave appellant consent to enter
her garage. Viewing the evidence in the light most favorable to the jury’s verdict, a
rational jury could have found the evidence sufficient beyond a reasonable doubt to
convict appellant of burglary.
          We overrule appellant’s first point of error.
B.      Factual Sufficiency of the Evidence
          In his second point of error, appellant asserts that the evidence presented at trial
was factually insufficient to convict him of burglary.
          When appellant saw Officer Martin and Detective Brzozowski, he began to
flee, eventually evading arrest by running through a wet field. During the chase,
Detective Brzozowski was able to see appellant clearly as he ran under a porch light. 
Immediately after the chase, the officers inspected the garage to find that appellant 
 
had removed frozen meat from a freezer in the garage, leaving it on the garage floor
during his flight.
          Shortly after inspecting the garage, Detective Brzozowski identified appellant
as he sat in a gas station, near Ms. Adamson’s house. Except for his jacket, appellant
was wearing the same clothes as he was wearing when Detective Brzozowski saw him
under the porch light only moments earlier. Furthermore, appellant’s pant legs were
still wet from running through the wet field. Before the officers questioned appellant
about the burglary, he motioned towards Ms. Adamson’s house and stated “if them
people saw me, go ahead and take me in.” We conclude that the evidence of guilt
was not so obviously weak as to undermine confidence in the jury’s determination
and was not greatly outweighed by contrary proof.
          We overrule appellant’s second point of error.
CONCLUSION
          We affirm the trial court’s judgment.
 
 
                                                             Laura Carter Higley
                                                             Justice
 
Panel consists of Justices Hedges, Nuchia, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).