Opinion issued December 15, 2005











     





In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00156-CR




CARL EUGENE NOWLIN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause No. 985741




MEMORANDUM OPINION

          A jury convicted appellant, Carl Eugene Nowlin, of burglary of a habitation. 
After appellant pleaded true to two enhancement paragraphs, the trial court assessed
punishment at 35 years’confinement. In two points of error, we consider whether the
evidence was legally and factually sufficient to show that appellant entered the
habitation with the intent to commit theft. We affirm.
BACKGROUND
          The complainant in this case, Houston Coleman, lives in a one-bedroom
apartment with his wife and teenaged niece and nephew. On April 26, 2004 at 6:30
a.m., Coleman returned to the apartment from taking his niece and nephew to the
school bus. At 7:45 a.m., Coleman left again to take his wife to work. He returned
to his apartment approximately 30 minutes later. When Coleman returned to the
apartment, two of his three dogs were acting strangely. His smaller dog was barking
“frantic[ally],” and his 70-pound Rottweiler mix dog sat at the bedroom door
growling. At that time, Coleman noticed that his patio door, which can only be
unlocked from the inside, had been unlocked. Coleman testified that, while he was
certain that the patio door was locked when he left the apartment, nothing had been
disturbed. Coleman also noticed that the pillows on the couch were in disarray.
          When Coleman entered his bedroom, he found appellant, Charles Eugene
Nowlin, on the floor of the closet. Coleman described appellant as “foaming from the
mouth, out of breath.” The bedroom was in disarray. A large container of clothes
had been removed from the closet, and the clothes had been strewn around the room. 
Some drawers on the dresser had been pulled out. A stereo had been removed from
“deep in the corner of the closet” and placed on the bed. The mattress was askew,
“like it had been lifted up or moved.” Coleman told appellant to “stay there, please
don’t move,” and called the police department. Coleman then left his apartment to
call the maintenance man.
          The police arrived approximately 15 minutes later. Appellant, still in the
closet, attempted to hide beneath a pile of clothes, but finally obeyed the officer’s
order that he come out of the closet. Coleman pointed out to the officers on the scene
that his front door had been “kicked in,” and State’s exhibits 3, 4, and 5 are
photographs showing the damaged locks.
          While Coleman testified that appellant told the police officer that he had been
“smoking all night,” the officer testified that appellant did not say anything to him
until he was in the patrol car. The officer then testified that, on the way to the patrol
car, appellant mentioned that he used crack. The officer testified that he recognized
the symptoms of crack cocaine use in the appellant including “fast talking, incoherent
speech, very jumpy, sweating profusely, very nervous, and quick in his actions.”
          Appellant’s condition was such that the officers on the scene called an
ambulance to the scene, which transported appellant to the hospital. Appellant was
not admitted to the hospital; he was treated and released. En route to the jail from the
hospital, appellant told a police officer that he was inside the apartment because
“somebody was chasing him.” However, he could not provide any details about the
person who was allegedly chasing him.
DISCUSSION
1. Legal Sufficiency
          In his first point of error, appellant asserts that the evidence was legally
insufficient to support his conviction. When reviewing legal sufficiency, we view the
evidence in the light most favorable to the verdict and determine whether a rational
trier of fact could have found the elements of the offense beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307, 318-319, 99 S. Ct. 2781, 2789 (1979); Geesa v.
State, 820 S.W.2d 154, 165 (Tex. Crim. App. 1991). If it is determined that the
evidence is insufficient under the Jackson standard, we must acquit the appellant. See
Jackson, 443 U.S. 307, 99 S. Ct. 2781. In a legal sufficiency challenge, we do not
reweigh the evidence. King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000);
Fite v. State, 60 S.W.3d 314, 317 (Tex. App.—Houston [14th Dist.] 2001, pet. ref’d)
If any evidence establishes guilt beyond a reasonable doubt, and the fact finder
believes that evidence, then this Court may not reverse the fact finder’s judgment on
a legal sufficiency of the evidence ground. Gaines v. State, 874 S.W.2d 733, 735
(Tex. App.—Houston [1st Dist.] 1994, no pet.) The State need not disprove every
reasonable hypothesis other than appellant’s guilt. Geesa, 820 S.W.2d at 156-61.
          To prove burglary of a habitation, the State is required to prove (1) that the
defendant entered a habitation; (2) without the effective consent of the owner; and (3)
that the defendant had the intent to commit theft at the time he entered the habitation. 
Tex. Pen. Code Ann. § 30.03(a)(1) (Vernon 2002). Appellant does not dispute that
the State has proven the first two elements of burglary of a habitation. However,
appellant argues that the State has not proved the third element, i.e., that he had the
requisite intent to commit theft at the time that he entered Coleman’s apartment.
          It is well-settled in Texas that actual commission of theft is not prerequisite to
the commission of burglary. Autry v. State, 626 S.W.2d 758, 762 (Tex. Crim. App.
1982). The gravamen of the offense of burglary is the intent with which a person
enters a house, and even though a person breaks and enters a house, unless he does
so with the intent to commit a felony or the offense of theft, he is not guilty of
burglary. Marquis v. Benfer, 298 S.W.2d 601 (Tex. Civ. App.—San Antonio 1956,
writ ref’d n.r.e). The element of intent to commit a felony or theft is essential to the
offense of burglary. Sharpe v. State, 881 S.W.2d 487 (Tex. App.—El Paso 1994, no
pet.). While the State is not required to provide proof that accused has appropriated
property or has the property in his custody in order to sustain conviction, the State is
required to provide proof of appellant’s intent to commit theft. Reyes v. State, 628
S.W.2d 238 (Tex. App.– San Antonio 1982, no pet.). Intent may be inferred from
appellant’s conduct and surrounding circumstances. Matter of A.S., 954 S.W.2d 855
(Tex. App.—El Paso 1997, no pet.).
          The State introduced legally sufficient evidence to establish appellant’s intent
to commit theft. Appellant broke into Coleman’s apartment shortly after appellant
left to take his wife to work. A police officer testified that, in his experience, many
burglaries occur in the early morning when most people are away at work. When
Coleman returned home, he noticed that the pillows on his sofa had been moved and
his bedroom was in disarray. The mattress had been moved, as if someone had
searched under it. Dresser drawers had been pulled out. The contents of his closet
had been removed and thrown about, and a stereo, which had been kept in a deep
corner of the closet, had been placed on the bed. The front entrance to the house had
been “kicked in.” Finally, appellant attempted to burrow under clothes and hide when
approached by police.
          From these circumstances, a rational trier of fact could have found, beyond a
reasonable doubt, that appellant possessed the intent to commit theft at the time he
entered Coleman’s apartment. Accordingly, we overrule appellant’s first point of
error.
 
2. Factual Sufficiency
          In appellant’s second point of error, he asserts that the evidence was factually
insufficient to support his conviction. When determining the factual sufficiency of
the evidence, we review all of the evidence neutrally. Escamilla v. State, 143 S.W.3d
814, 817 (Tex. Crim. App. 2004). When the State bears the burden of proof, the
proof of guilt is factually insufficient if it is so obviously weak as to indicate that a
manifest injustice has occurred or if it is greatly outweighed by contrary proof. Id.;
Zuniga v. State, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004). In our review, we
must consider the most important evidence that the appellant claims undermines the
jury’s verdict. See Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).
          In this case, appellant relies on the evidence that no valuables in the house,
besides the eight-track stereo, had been moved or disturbed at all, the fact that
appellant neither possessed burglary tools nor wore dark clothing, and appellant’s
assertion that he was running from someone who was chasing him to establish lack
of intent. Furthermore, appellant argues that his cooperation with Coleman before the
police arrived suggests that he did not enter with intent to steal
          Appellant argues that there are at least three “reasonably hypotheses other than
guilt that are completely consistent with the evidence: (1) appellant entered the
apartment in an attempt to hide because someone was actually chasing him with
intent to kill; (2) the appellant entered the apartment because he believed that
someone was chasing him with intent to kill; or (3) the appellant was so ‘spaced-out’
that he bungled into the apartment without knowing where he was or what he was
doing.”
          Appellant cites, then distinguishes, three types of cases in which intent to
commit theft has been shown to be legally and factually sufficient. Those include
cases in which the burglar began, but did not complete a theft, cases in which the
burglar’s possessions indicated an intent to steal, and cases in which the burglar fled
the scene upon being discovered. We will examine each set of cases.
          Cases in which the burglar began, but did not complete a theft
          In Gayle v. State, 713 S.W.2d 425, 427–28 (Tex. App.—Houston 1986, no
pet.), the State relied on evidence that the victim’s house had been ransacked, with
drawers pulled out and belongings strewn about, along with evidence that the victim’s
stereo had been broken down into individual component parts and both the stereo and
the computer had been moved to the front door, as evidence showing intent to commit
theft. In White v. State, 630 S.W.2d 340, 342 (Tex. App.—Houston [1st Dist.] 1982,
no pet.), the State relied on evidence that the defendant moved a piece of welding
equipment from the rear of the victim’s garage to the front entrance of the garage, as
evidence that the defendant intended to commit theft. Appellant argues that in both
of these cases, the defendant moved the items in the house near an exit, which shows
an intent to steal. In contrast, he argues that he merely placed the stereo on the bed,
but did not move it near the front entrance of the apartment.
          While Gayle and White are distinguishable, we find them instructive. Like in
Gayle, Colemen’s apartment, particularly the sofa and the bedroom, was in disarray. 
The drawers in the dresser had been pulled out, and the mattress had been moved, as
if appellant had been looking for something. While appellant had not succeeded in
moving the stereo to the front of the apartment, as had the defendant in White,
appellant had removed it from a deep corner of the closet and placed it on the bed. 
Based on the disarray of the bedroom, the fact that drawers had been pulled out, and
the stereo had been moved, the jury could have rationally concluded that appellant
was looking for something to steal in the closet, under the mattress, and in the
drawers, but was unable to complete his task, either because the dogs trapped him in
the closet or because he became physically unable to move as a result of his
intoxication.
          Cases in which the burglar’s possessions indicated an intent to steal
          In Wilkerson v. State, 927 S.W.2d 112, (Tex. App.—Houston [1st Dist.] 1996,
no pet.), McGee v. State, 923 S.W.2d 605 (Tex. App.—Houston [1st Dist.] 1995, no
pet.), Lewis v. State, 715 S.W.2d 655 (Tex. Crim. App. 1986), and McNeil v. State,
631 S.W.2d 240 (Tex. App.—Fort Worth 1982, no pet.), the defendants were found
in possession of burglar tools or clothes, which the courts found to be evidence of an
intent to commit theft. Appellant argues that he did not have burglar clothes or tools,
thereby negating an intent to commit theft.
          However, as pointed out by the State, burglar tools and dark-colored clothes
were not necessary in this case because entry into the home was made in broad
daylight, by kicking open the door. As such, the lack of burglar clothes or tools is not
a factor that weighs in appellant’s favor.
          Cases in which the burglar fled the scene upon being discovered
          Appellant points out that, in Gayle, 713 S.W.2d at 427, and McGee, 923
S.W.2d at 608, the defendants fled when discovered in the act of committing
burglary. In contrast, here, appellant simply lay on the floor of the closet until the
police arrived.
          While it is true that appellant made no attempt to flee, there is also evidence
that he attempted to hide from the police by burrowing under a pile of clothes. As
such, this case is similar to Lewis, 715 S.W.2d at 655–56, in which the defendant was
found hiding under a pile of clothes in a home, and, although he was not in
possession of any of the belongings from the home, he had climbed a ladder to reach
an upper cupboard and removed several blankets and quilts. Id.
          Furthermore, the jury could have reasonably concluded that appellant made no
attempt to flee because either he was intoxicated and unable to do so or afraid of
being attacked by the 70-pound Rottweiler in the next room.
          Finally, regarding appellant’s assertion that he entered the house because he
was being chased, we note that he was unable to provide police with either a reason
why he was being chased or a description of his alleged pursuers. We also note that
appellant did not tell police about his alleged pursuers until he was being transported
to the hospital. The jury could have rationally chosen to disbelieve appellant’s
statement about being pursued.
          Summary
          We conclude that the evidence that appellant (1) did not remove other
valuables from the home, (2) move the stereo closer to the entrance, (3) possess
burglar tools or clothes, or attempt to flee, nor (4) appellant’s claims that he was
being pursued when he entered the apartment, render the State’s evidence of intent
to commit theft “so obviously weak as to undermine confidence in the jury’s
determination.”
 
 
 
 
 
 
          Accordingly, we overrule point of error two.
CONCLUSION
          We affirm the judgment.
 
 
                                                                                  Sherry Radack
                                                                                  Chief Justice

Panel consists of Chief Justice Radack and Justices Alcala and Bland.

Do not publish. Tex. R. App. P. 47.2(b).