**Opinion filed May 25, 2023**



## In The

# Elebenth Court of Appeals

_____

### No. 11-21-00236-CR

_____

## DAVID GOMEZ JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 32nd District Court**
**Mitchell County, Texas**
**Trial Court Cause No. 8132**

### M E M O R A N D U M   O P I N I O N

David Gomez Jr. appeals his conviction of burglary of a building, a state jail felony. TEX. PENAL CODE ANN. § 30.02(a)(3), (c)(1) (West 2019). His punishment was enhanced to the range of a second-degree felony because he had two prior felony convictions. *Id.* § 12.425. The jury found Appellant guilty and assessed punishment at fifteen years in the Institutional Division of the Texas Department of Criminal Justice, and the trial court sentenced him accordingly. On appeal, Appellant argues

there is insufficient evidence to prove that he committed or attempted to commit theft after he entered the building. *See id.* § 30.02(a)(3). We affirm the judgment of the trial court.

*Factual and Procedural History*

On June 26, 2020, while at home, Don Sasser heard "a pop" that came from outside. When he investigated, he saw that across the street an unknown man was entering his neighbor's storage building. Sasser called one of the owners, Denise Morris, and told her what he had seen. Morris then called her sister, and within minutes, complainant Loretta Morris-Ruddick arrived at the storage building, ready to film the scene with her phone. When she opened the storage building door, Appellant stood shirtless in the doorway. Without saying a word, he ran away empty-handed. After Appellant ran toward the culvert behind the building, Ruddick noticed "lids were off [storage totes]and things had been gone through and just put aside." Comic books, which were collectibles, that had previously been in stacks around the storage building, had been loaded into a box. More comic books and some vinyl records had been stacked by the door. Ultimately, there was nothing missing from the storage building after this break-in.[1]

Appellant left a white T-shirt with the initials "DG" in the storage building, and he concedes that he entered the storage building without permission but maintains that he only did so to escape his pursuers. While walking back from Gas & Grub, a Colorado City convenience store, Appellant spotted men he recognized. Not wanting to "sit there and let them jump on [him]," Appellant hit one of the men and fled. After running, Appellant slowed to a walk and began to look for places to hide.

---

[1]About two weeks later, there was another break-in at the storage building. Some comic books went missing, and the owners suspected it was again Appellant. However, testimony regarding this second break-in was limited. As discussed in detail below, Appellant's conduct on June 26, 2020, the offense date alleged in the indictment, is sufficient to affirm the conviction.

He entered a storage building, which he claimed was unlocked, and then he claimed to have hidden there for a few minutes while checking the street for anyone chasing him. At that point, Ruddick caught him in the storge building, and Appellant fled into the culvert. After Ruddick posted on social media the video footage she had taken on her phone, Appellant's mother identified him. A few days later, the Colorado City police department issued a warrant for Appellant and arrested him.

*Standard of Review*

When we review sufficiency of the evidence, we apply the sufficiency standard found in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). In evaluating a sufficiency challenge, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). When conducting a sufficiency review, we consider all of the evidence admitted at trial, including pieces of evidence that may have been improperly admitted. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Clayton*, 235 S.W.3d at 778. The appellate court's duty is not to sit as a thirteenth juror reweighing the evidence or deciding whether it believes that the evidence established the elements in question beyond a reasonable doubt. *Ridings v. State*, 357 S.W.3d 855, 860–61 (Tex. App.—Eastland 2012, pet. ref'd) (citing *Blankenship v. State*, 780 S.W.2d 198, 206–07 (Tex. Crim. App. 1988)). We will not disturb the factfinder's determinations of credibility and resolutions of conflicts in the testimony. *Clayton*, 235 S.W.3d at 778. Therefore, where the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the prosecution and defer to the factfinder's determination. *Id.*

*Analysis*

Under Section 30.02 of the Penal Code, there are three distinct ways a person may commit burglary. *DeVaughn v. State*, 749 S.W.2d 62, 64 (Tex. Crim. App. 1988); *see* PENAL § 30.02(a). Under subsections (a)(1) or (a)(2), the State must prove that the defendant had the intent to commit a felony, theft, or an assault at the time the defendant entered or remained concealed in a habitation or building. *See DeVaughn*, 749 S.W.2d at 64–65; *see also* PENAL § 30.02(a). In contrast, under subsection (a)(3), the State must prove that the defendant intentionally or knowingly entered the building or habitation without the owner's consent and while inside committed or attempted to commit a felony, theft, or an assault. PENAL § 30.02(a)(3); *see DeVaughn*, 749 S.W.2d at 65; *see also Rivera v. State*, 808 S.W.2d 80, 92 (Tex. Crim. App. 1991); *Flores v. State*, 902 S.W.2d 618, 620 (Tex. App.—Austin 1995, pet. ref'd).

The language of the indictment and jury charge both use the language of Section 30.02(a)(3). Thus, the State was required to prove beyond a reasonable doubt that Appellant either committed theft or attempted to commit theft. Because Appellant left the premises without any property, there was no evidence of actual theft on June 26. *See* PENAL § 31.03. Accordingly, we look to see if there is sufficient evidence that Appellant attempted to commit theft. A person commits attempted theft if he has the intent to commit theft and engages in an act amounting to more than mere preparation to commit theft, but fails to effect the commission of the theft. PENAL §§ 15.01(a), 31.03(a); *Gutierrez v. State*, No. 11-20-00166-CR, 2022 WL 2165531, at *3 (Tex. App.—Eastland June 16, 2022, no pet.) (mem. op., not designated for publication); *McCay v. State*, 476 S.W.3d 640, 645 (Tex. App.—Dallas 2015, pet. ref'd).

4

Upon review of the whole record, we conclude that there is sufficient evidence that Appellant attempted to commit theft. The video taken by Ruddick on the day of the break-in was admitted as an exhibit at trial. Ruddick's husband testified that the padlock to the building had been broken off and was laying on the ground. Comic books and records were stacked by the door in piles, readied for apparent confiscation; the owners denied that they had stacked them in that way after Appellant's intrusion.

Appellant's contention on appeal is that the other person with a key to the building, Rufino Martinez (Ruddick's nephew), must have been the one to have rearranged the comic books. Nothing in the record suggested Martinez's involvement beyond his permission to periodically access the premises. Ruddick testified that she goes to the storage building frequently, about four or five times per month, and the state of the storage building suggested more than simple reorganization—many of the boxes had been newly opened and "things had been gone through and just put aside." Appellant testified that he had not moved the comic books, his flat denial conflicted with the testimony of Ruddick and her husband, as well as Sasser. The jury was free to weigh and resolve conflicting evidence and to determine that the State's witnesses were credible and that Appellant was not. *See Clayton*, 235 S.W.3d at 778.

Although we are not at liberty to disturb determinations of credibility, we note that the jury was not unreasonable in its assessment. Appellant impeached himself throughout his testimony. Without prompting, Appellant mentioned that he ran from the men because he had assaulted one of them. His reason for being out in the first place was to see if Gas & Grub sold bullets, but he was compelled to acknowledge that he was not permitted to purchase bullets as a felon. Appellant admitted to being a collector of comic books having previously purchased thirty-four or thirty-five

boxes of them from someone, many of which he still owned. On cross-examination, the State introduced multiple convictions, including two prior convictions for burglary of a habitation and two prior convictions for theft. Appellant provided conflicting details about his past convictions, impeaching his credibility further.

"A criminal conviction may be based upon circumstantial evidence." *Temple v. State*, 390 S.W.3d 341, 359 (Tex. Crim. App. 2013) (citing *Clayton*, 235 S.W.3d at 778; *Miller v. State*, 566 S.W.2d 614, 617 (Tex. Crim. App. 1978)). "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Id.* (quoting *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)). "In circumstantial evidence cases, it is not necessary that every fact and circumstance 'point directly and independently to the defendant's guilt; it is enough if the conclusion is warranted by the combined and cumulative force of all the incriminating circumstances.'" *Id.* (quoting *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993)); *see Hooper*, 214 S.W.3d at 13.

Moving items to the front of a building is circumstantial evidence of an intent to commit theft. *White v. State*, 630 S.W.2d 340, 342 (Tex. App.—Houston [1st Dist.] 1982, no pet.). As is fleeing the scene of the crime. *Gayle v. State*, 713 S.W.2d 425, 428 (Tex. App.—Houston [1st Dist.] 1986, no pet.). Being inside a building without permission also creates an inference of intent to commit theft. *Id.* Appellant's intent to commit theft became an attempt to commit theft when he acted. The evidence showed more than mere preparation; the evidence was sufficient to show that Appellant, who had an affinity for comic book collections, entered the storage building without permission and began to search through and move the owners' property, ostensibly to remove it from the premises. And when he got caught, he fled. A jury could have heard the testimony at trial and found beyond a

6

reasonable doubt that on this occasion Appellant had attempted to commit theft. Appellant's sole issue is overruled.

*This Court's Ruling*

We affirm the judgment of the trial court.

W. BRUCE WILLIAMS

JUSTICE

May 25, 2023

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.