David Eugene WARREN, Appellant,

v.

The STATE of Texas, Appellee.

No. 738–82.

Court of Criminal Appeals of Texas, En Banc.

May 11, 1983.

---

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

### PER CURIAM.

The appellant was convicted of the offense of burglary of a habitation. The jury assessed punishment at confinement for twenty years in the Texas Department of Corrections. On appeal a panel of the Court of Appeals for the Fifth Supreme Judicial District of Texas at Dallas, 641 S.W.2d 579 reversed the conviction based upon the appellant's challenge to the sufficiency of the evidence in a *pro se* brief that was untimely filed.

On the state's motion for rehearing the state argued that the Court of Appeals had no authority to consider a brief not in strict compliance with the mandatory provisions of the Texas Code of Criminal Procedure, especially in light of the amendment of Art. 40.09(13), V.A.C.C.P.[1] In its opinion on state's motion for rehearing a panel of the Court of Appeals held that its jurisdiction to review the record sua sponte for determining the sufficiency of the evidence to support the conviction was not withdrawn upon amendment of Art. 40.09(13), supra, and reaffirmed its holding that the evidence was insufficient to support the conviction.

On the state's second motion for rehearing, pursuant to Rule 208, Tex.Cr.App.R. (1981), the Court of Appeals withdrew its previous opinions and affirmed the conviction, stating that the evidence adduced at trial was sufficient to support the conviction. The court, however, reaffirmed its decision that its power to review unassigned error was *not* affected by the amendment to Art. 40.09(13), supra, and concluded that it therefore had the power to review questions of sufficiency of the evidence, *sua sponte.*

Following the delivery of the Court of Appeals final opinion, the appellant filed a petition for discretionary review in this Court. The state then filed a petition for discretionary review, pursuant to Rule 304(c), Tex.Cr.App.R. (1981). We refused the appellant's petition and granted the state's petition. The petition presents to this Court the issue of whether the Court of Appeals indeed has the inherent power to

---

1. Art. 40.09(13), V.A.C.C.P. (1965) reads:

"Upon refusal of the court to grant defendant a new trial, the clerk shall thereupon promptly transmit the record and briefs to the Court of Criminal Appeals, in which court all grounds of error and arguments in support thereof urged in defendant's behalf in the trial court shall be reviewed, *as well as any unassigned error which in the opinion of the Court of Criminal Appeals shall be reviewed in the interest of justice.*" (Emphasis added.) Subdivision 13 was amended by Acts 1981, 67th Leg. p. 804, ch. 291. Sec. 108. The subdivision now relates to extensions of time only.

review, sua sponte, questions of sufficiency of the evidence.

While the opinion of the Court of Appeals on the state's second motion for rehearing does contain language asserting that court's authority to review sua sponte the sufficiency of the evidence, we do not believe that this language, nor this determination, was necessary to the ultimate decision in the case and therefore consider it to be *obiter dicta.* The Court of Appeals final disposition of the case did not rest upon a determination of its inherent reviewing power. Under the circumstances we are not compelled to rule on the dicta espoused by the Court of Appeals. Because of our refusal to grant the appellant's petition for discretionary review, the state's petition is in the nature of a certified question or a request for an advisory opinion. See *Trevino v. State* (Tex.Cr.App.1983) (Ancillary to 13–82–037, delivered 4/20/83.) The issue is not properly before us.[2] The state's petition for discretionary review was improvidently granted.

The state's petition for discretionary review is dismissed.

---

**2.** This is not a situation where the Court of Appeals has sua sponte *reversed* a conviction for insufficient evidence. Were the state's posture that of an "aggrieved" party, the question presented would properly be before us. Because the state has prevailed in the court below this petition should not be granted and the issue should not be reviewed at this time.