**Donald Wayne LEWIS, Appellant,**

*v.*

**The STATE of Texas, Appellee.**

**No. 09 84 162 CR.**

Court of Appeals of Texas, Beaumont.

June 19, 1985.

Petition for Discretionary Review July 12, 1985.

Richard Hughes, Nederland, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

OPINION

DIES, Chief Justice.

Appellant was convicted of burglary of a habitation with intent to commit theft, together with a prior offense as alleged in the indictment, and punishment was set by a jury at confinement in the Texas Department of Corrections for twenty-five years. Appeal has been perfected to this Court on one ground of error, viz:

"The evidence is insufficient to sustain the conviction because the evidence was

insufficient to prove that entry was made with the intent to commit theft...."

 The facts in this case are not in dispute. Appellant was seen in the daytime ducking behind some shrubs before entry into an unoccupied house. The police were called and appellant was found hiding in the house. There were valuables in the house (television set, stereo, silverware), but no item of property associated with the house was found on appellant's possession. The intent to commit theft must be proved by the State. *Ex parte Cannon*, 546 S.W.2d 266, 268 (Tex.Crim.App.1976), and authorities cited.

Our standard for reviewing sufficiency of the evidence questions on appeal is the same for direct and circumstantial evidence cases; the relevant standard is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[1] *Jackson v. State*, 672 S.W.2d 801, 803 (Tex.Crim.App.1984), and authorities cited.

The question of intent with which an accused illegally entered a building is a fact question for the jury, and one normally inferred from the events which occur while the burglary is in progress. *Baker v. State*, 625 S.W.2d 840, 843 (Tex.App.—Amarillo 1981, no pet.), and authorities cited.

 In the case at bar, the State makes a stab at contending circumstantial evidence was proved showing intent to steal. But it is clear the State is relying on *Warren v. State*, 641 S.W.2d 579 (Tex.App.—Dallas 1982), pet. dism'd, 652 S.W.2d 779 (Tex.Crim.App.1983), which extends the presumption of an intent to commit theft if entry is made in the daytime, and is otherwise unaccounted for.

Such a presumption has been made by our Court of Criminal Appeals if the entry is made in the nighttime. *Moss v. State*, 574 S.W.2d 542 (Tex.Crim.App.1978). But we are unaware that the Court has extend-ed this presumption to a daytime entry, and unless and until it does, we feel constrained to confine the presumption to nighttime entries only. The ground of error is sustained.

The offense of criminal trespass was submitted to the jury but was not answered because the jury had found the appellant guilty of burglary of a habitation with intent to commit theft. We, therefore, remand the case to the trial court for submission to a jury for the offense of criminal trespass.

Remanded for new trial.

---

**1.** Quoting *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).