**Donald Wayne LEWIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 797–85.**

Court of Criminal Appeals of Texas, En Banc.

June 18, 1986.

Richard D. Hughes, Nederland, for appellant.

James S. McGrath, Dist. Atty. and R.W. Fisher, Asst. Dist. Atty., Beaumont, Robert Huttash, State's Atty., Austin, for State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

The appellant was convicted of burglary of a habitation. The jury, after finding that allegations of a prior burglary conviction were true, assessed punishment at 25 years' confinement in the Department of Corrections.

On appeal the appellant urged one ground of error contending the evidence was insufficient to sustain the conviction because it was insufficient to prove that entry was made with intent to commit theft as alleged, an essential element of the offense. The Beaumont Court of Appeals agreed and reversed the conviction. *Lewis v. State,* 694 S.W.2d 615 (Tex.App.—Beaumont 1985). We granted the State's petition for discretionary review to determine the correctness of the holding of the Court of Appeals.

Ray Wyatt, the alleged owner of the house, testified that his grandmother lived in the house until the time of her death; that furniture, clothing, a television set, silverware and other household items were still in the house on December 6, 1983, although the valuable jewelry had been removed. There were kitchen facilities and the utilities were still connected, and out-of-town relatives slept there on weekends when in Beaumont. When he went to the house on December 6th after being called about the entry, he found that a ladder had been moved from the living room, and placed so as to reach the closet above the

hallway, and that some quilts and blankets that had been stored there had been removed from the closet. This was not the condition the day before when Wyatt was at the house. He stated that he had not given the appellant or anyone else permission to break and enter the house.

Pauline Carey operated the beauty shop immediately adjoining the house in question. About noontime on December 6, 1983, the activities of a black man in the yard of the house attracted her attention and that of her daughter, Miranda Woolridge. He was wearing a black jacket and blue gloves. As they watched from the beauty shop, a car passed the house and the man ducked behind some bushes, apparently trying to hide. The man then removed a screen from one of the windows of the house, raised the window and entered the house. The police were called.

Beaumont Police Officer Kenneth Brown responded to a "burglary in progress" call, arriving in a matter of a few minutes. He found the open window. While investigating, he climbed a fence. As he did so he saw a black male who had on a jacket and gloves inside a window in the house. Upon apparently seeing the officer, the individual dropped the curtain "back over the window" and disappeared from sight "inside that residence."

Other officers arrived and Officer Hall entered the house through the open window and unlocked the door for his fellow officers. Officer Brown observed that a ladder had been placed so as to reach a little closet or cupboard "up over the hall." The first search of the house revealed no one. Officer LeBlanc, however, returned to a valet or portable closet full of clothes he had earlier inspected. As he poked around with his night stick in the closet, he discovered the appellant hiding under the clothes. Appellant, a black male, was wearing a black jacket and blue gloves. Appellant had in his possession on his wrist or in his pockets a number of items of miscellaneous jewelry. After he was removed, he asked the officers to return and retrieve his cap that he left in the portable

closet. When an officer returned, he found the cap and an open switchblade knife which appellant claimed.

The appellant offered testimony of two defense investigators, and recalled Wyatt and Officer LeBlanc. Wyatt testified his grandmother had a number of costume jewelry items but he could not personally make a positive identification of any items found in appellant's possession, including an ivory necklace. LeBlanc related he could not testify the necklace found on appellant as being property coming from the house in question.

V.T.C.A., Penal Code, § 30.02, provides in part:

"(a) A person commits an offense if, without the effective consent of the owner, he:

"(1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft, ...."

The intent with which entrance is made is an essential element of the offense of burglary and therefore must be pled and proved. *Ex parte Cannon*, 546 S.W.2d 266, 268 (Tex.Cr.App.1976) (Opinion on original submission), and cases there cited.

The indictment alleged an offense under § 30.02(a)(1), supra. The indictment, in the first paragraph thereof, stated in part, that appellant

"did then and there with intent to commit theft, enter a habitation located in Beaumont, Jefferson County, Texas, owned by Ray Wyatt, hereafter styled the Complainant, without the effective consent of the Complainant."

The court charged the jury abstractly, inter alia, on the term "intentionally" defining it in the terms of V.T.C.A., Penal Code, § 6.03(a), and added "Intent can be inferred from the acts, words and conduct of the Defendant."

The court applied the law to the facts in its charge as follows:

"Now, if you believe from the evidence beyond a reasonable doubt that in Jefferson County, Texas, on or about Decem-

ber 6, 1983, the defendant Donald Wayne Lewis did, with intent to commit theft, enter a habitation located in Beaumont, Jefferson County, Texas, owned by Ray Wyatt, without this effective consent, you shall find the defendant guilty of the offense of Burglary of a Habitation, as alleged in the indictment.

"Unless you so find, or if you have a reasonable doubt thereof, you shall acquit the defendant of Burglary of a Habitation and next consider if the defendant committed the lesser included offense of Burglary of a Building."

The jury's verdict at the guilt stage of the trial reads:

"We, the Jury, find the defendant Guilty of the offense of Burglary of a Habitation, *as alleged in the indictment."* (Emphasis supplied.)

It is well settled that the intent to commit theft may be inferred from the circumstances. *Williams v. State,* 537 S.W.2d 936, 938 (Tex.Cr.App.1976); *Hawkins v. State,* 467 S.W.2d 465, 466 (Tex.Cr.App. 1971); *Gibson v. State,* 434 S.W.2d 851, 852 (Tex.Cr.App.1968). Thus the intent with which a defendant enters a habitation is a fact question for the jury to decide from surrounding circumstances in prosecution for burglary of a habitation with intent to commit theft. *Robles v. State,* 664 S.W.2d 91 (Tex.Cr.App.1984); *Ortega v. State,* 626 S.W.2d 746 (Tex.Cr.App.1981), and cases there cited; *Daniels v. State,* 652 S.W.2d 614 (Tex.App.—Dallas 1983); *Baker v. State,* 625 S.W.2d 840 (Tex.App.—Amarillo 1981) (no petition for discretionary review). See also *Stearn v. State,* 571 S.W.2d 177, 178 (Tex.Cr.App.1978); Branch's Anno.P.C., 2nd Ed., Vol. 4, § 2535, pp. 862–863.

The standard for reviewing the sufficiency of the evidence questions on appeal is the same for direct and circumstantial evidence; the relevant standard is "whether, after viewing the evidence in the light most favorable to the verdict of the jury, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." *Jackson v. State,* 672 S.W.2d 801, 803 (Tex.Cr.App.1984); *Hous-*

*ton v. State,* 663 S.W.2d 455 (Tex.Cr.App. 1984); *Templin v. State,* 711 S.W.2d 30 (Tex.Cr.App.1986).

In *Stearn v. State,* 571 S.W.2d 177 (Tex. Cr.App.1978), the defendant was discovered in the kitchen of a private residence. Nothing had been disturbed beyond what was necessary to break in and the defendant fled immediately upon being discovered. The court overruled the contention the evidence was insufficient to support the jury's finding of intent to steal. See also *Rodgers v. State,* 164 Tex.Cr.R. 375, 298 S.W.2d 827 (1957).

In the instant case appellant was seen in the yard of the house, acting suspiciously. He ducked behind bushes when a car passed, apparently to hide. Shortly thereafter he removed a screen, raised a window and entered the house. Police officers found him in the house hiding under clothes in a portable closet—a ladder had been moved from the living room into the hallway and placed so as to reach a "tall" closet above the hallway from which blankets and quilts had been removed. These facts and other circumstances when viewed in the light most favorable to the jury's verdict were sufficient for any rational trier of fact to have found that entrance into the house was made with the intent to commit theft.

In its opinion the Court of Appeals notes that no item of property associated with the house was found "on appellant's possession." It is clear, however, that a burglarious entry made with intent to commit theft is the complete theft, whether any theft is actually perpetrated thereafter. *Garcia v. State,* 571 S.W.2d 896, 899 (Tex. Cr.App.1978). It is only necessary to prove the unlawful entry was made for the purpose of the further commission of the intended theft. *Robles v. State,* supra. As pointed out in *Martin v. State,* 148 Tex. Cr.R. 232, 186 S.W.2d 80 (1945), one breaking into a building need not obtain anything of value in order to be guilty of burglary.

The Court of Appeals wrote:

"In the case at bar, the State makes a stab at contending circumstantial evidence was proved showing intent to steal. But it is clear the State is relying on *Warren v. State*, 641 S.W.2d 579 (Tex.App.—Dallas 1982), pet. dism'd., 652 S.W.2d 779 (Tex.Cr.App.1983), which extends the presumption of an intent to commit theft if entry is made in the daytime, and is otherwise unaccounted for ... But we are unaware that the court has extended this presumption to a daytime entry, and unless and until it does, we feel constrained to confine the presumption to nighttime entries only. The ground of error is sustained." 694 S.W.2d at 616.

An examination of the record does not support the Court of Appeals. At trial the State clearly did not rely upon any daytime entry presumption,[1] and while it cited *Warren* in its brief, it was not for the proposition stated by the Court of Appeals.

The judgment of the Court of Appeals is reversed and the judgment of the trial court is affirmed.

---

1. In fact, appellant's counsel in his jury argument at the guilt stage of the trial told the jurors of the nighttime entry presumption of intent to steal but made clear to the jurors that presumption did not apply to daytime entries as in the case at bar.