NO. 07-99-0384-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 16, 2002

_____

RAY L. NORRIS, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 99-430031; HONORABLE BRADLEY S. UNDERWOOD, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Ray Norris, Jr., appeals from his conviction for robbery. He asserts that the evidence was insufficient to support his conviction. We affirm.

Appellant was indicted by a Lubbock County grand jury for robbery, aggravated robbery and burglary of a habitation. The indictment was based on a complaint by Christopher Davis. According to Davis's trial testimony, appellant, Brian Vinson, Jonathan Givens, and two other men kicked in the door and entered Davis's mobile home at

approximately 12:30 a.m. on January 25, 1999. Appellant immediately grabbed Davis by the throat and held a gun to his forehead. Appellant, Vinson, and Givens demanded money from Davis, forced Davis into his bedroom, ordered him to remove his clothing, then took the clothing as well as money, compact discs (CDs), a VCR, a pager, a watch, a gold chain, and a video game unit and left. Davis immediately called 911, notified authorities of the incident, and gave a description of the car in which the men drove off. A short time later appellant was apprehended in a car fitting the description given by Davis. Some of the items taken from Davis were still in the car.

After appellant's arrest, Lubbock Police Detective Doug Sutton interviewed appellant at the police department and obtained a written statement from him. The statement was introduced into evidence at trial. According to the written statement, Vinson and Givens told appellant they were robbed by two men on the evening of January 24, 1999. Appellant asked if they knew who robbed them, and Vinson and Givens indicated they knew where the robbers lived. According to appellant's statement, he accompanied Vinson and Givens when they went to Davis's house to retrieve their property. In his statement, appellant admitted pointing what he claimed was a water gun at Davis while the others removed property from Davis's home, including the video game console and CDs. Appellant claimed in his statement that he believed the property taken from Davis's residence belonged to Vinson and Givens, and he denied having the intent to commit robbery.

The State went to trial on the indictment for aggravated robbery. See TEX. PEN. CODE ANN. §§ 29.02, 29.03. (Vernon 1994).[1] The jury was instructed on the offenses of aggravated robbery, robbery, aggravated assault, and assault by threat. The jury was also instructed to find appellant not guilty if they believed that appellant reasonably believed that Vinson and/or Givens were unlawfully dispossessed of property by Davis, that appellant reasonably believed force was immediately necessary to recover the property, and that appellant used force immediately or in fresh pursuit of Davis after Davis had taken the property.

The jury found appellant guilty of the lesser-included offense of robbery. Punishment was assessed by the court at 10 years confinement in the Texas Department of Justice, Institutional Division.

Appellant urges on appeal that the evidence was insufficient to prove that he had intent to commit theft. He does not specify whether his challenge is a legal or a factual sufficiency challenge, but his brief addresses both legal and factual sufficiency authorities and we will consider the issue as challenging both the legal and factual sufficiency of the evidence.

The State first argues that appellant is estopped from challenging the sufficiency of the evidence because he did not object to the jury charge instruction on the lesser-included offense of robbery. Next, the State argues that the evidence was sufficient to

---

[1]Further reference to provisions of the Penal Code shall be by referring to "Penal Code §___."

3

support the jury's verdict. Because we conclude that both legally and factually sufficient evidence supports the jury's verdict, as we detail hereafter, we will not address the State's estoppel argument. See TEX. R. APP. P. 47.1.[2]

When reviewing challenges to both legal and factual sufficiency of the evidence to support the verdict, we first review the legal sufficiency challenge. See Clewis v. State, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996). We consider all the record evidence, including direct and circumstantial, both admissible and inadmissible, in the light most favorable to the jury's verdict. We then determine if a rational jury could have found all the essential elements of the offense beyond a reasonable doubt based upon such record evidence. See Jackson v. Virginia, 443 U.S. 307, 319-20, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); Johnson v. State, 967 S.W.2d 410, 411 (Tex.Crim.App. 1998). All the evidence is reviewed, but evidence that does not support the verdict is disregarded. See, e.g., Chambers v. State, 805 S.W.2d 459, 461 (Tex.Crim.App. 1991).

If the evidence is legally sufficient to support the verdict, we then review the factual sufficiency challenge if one is properly raised. See Clewis, 922 S.W.2d at 133. Factual sufficiency review is accomplished without viewing the evidence through the prism of "in the light most favorable to the prosecution." Id. The evidence is not factually sufficient to support a conviction if the appellate court determines, after viewing all the evidence, both for and against the finding in a neutral light, that either (1) the proof of guilt is so obviously

---

[2]Further reference to a rule of appellate procedure will be by reference to "TRAP _."

4

weak as to undermine confidence in the jury's determination, or (2) the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. See Johnson v. State, 23 S.W.3d 1, 6-7 (Tex.Crim.App. 2000). Unless the record clearly reveals that a different result is appropriate, an appellate court must defer to the factfinder's determination concerning what weight to give contradictory testimonial evidence because resolution often turns on an evaluation of credibility and demeanor, which is primarily a determination to be made by observation of the witnesses giving the testimony. Id. at 8.

As applicable to the present case, the elements of robbery are: (1) a person (2) in the course of committing a theft (3) with the intent to obtain or maintain control of the property involved (4) intentionally or knowingly places another in fear of imminent bodily injury or death. Penal Code § 29.02. The term "theft," as it is applicable to appellant's case, refers to the offense defined in Penal Code § 31.03. The elements of theft are: (1) a person (2) unlawfully appropriates property (3) with intent to deprive the owner of the property. Penal Code § 31.03. The Penal Code defines an "owner" of property as a person who has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor. Penal Code § 1.07(35)(A). Intent to commit theft may be inferred from the surrounding circumstances, and is a fact question for the jury to decide. See Lewis v. State, 715 S.W.2d 655, 657 (Tex.Crim.App. 1986).

In considering appellant's legal sufficiency challenge, we need only note Davis's testimony. Davis testified that appellant was the man who kicked in his door, grabbed him

by the throat, demanded money and took it, and also took clothes, jewelry and other property. Then appellant and the four others left the mobile home and drove off. Disregarding any contrary evidence, as we must, we conclude that a rational jury could have inferred that appellant intended to obtain and maintain control of and deprive Davis of property, and that the proof is legally sufficient to support the verdict. See Chambers, 805 S.W.2d at 461.

Appellant's factual sufficiency challenge is based on his assertion that the State did not prove his subjective intent, while his written statement clearly proved that he did not have intent to commit theft. He argues that his statement is direct evidence of his subjective belief that he was helping friends retrieve property which had been stolen from them earlier.

In considering factual sufficiency, we defer to the jury's determination in matters of credibility and weight of any conflicting evidence and inferences. See Johnson, 23 S.W.3d at 8. It was within the jury's discretion to determine the relative weight to accord appellant's statement as well as the other testimony and evidence. The jury was entitled to discount the weight of or to disregard all or any part of the statement. Id. Apparently it did so. And, when considering the entire record, we conclude that the proof of appellant's guilt is neither so obviously weak as to undermine confidence in the jury's determination, nor such that it is greatly outweighed by contrary proof. Thus, the proof is factually sufficient to support the verdict.

Having found the proof both legally and factually sufficient to support appellant's conviction, we overrule his sole issue. As noted previously, we do not address the State's assertion that appellant is estopped to challenge the evidentiary sufficiency of his conviction for robbery. The judgment is affirmed.


Phil Johnson
Justice


Do not publish.