In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-03-01142-CR
____________

CESAR FLORES, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 185th District Court 
Harris County, Texas
Trial Court Cause No. 948,826 




MEMORANDUM OPINION
          Appellant, Cesar Flores, pleaded not guilty to the offense of burglary with
intent to commit theft and was tried before a jury. The jury found appellant guilty
and assessed punishment at confinement for 12 years in prison. Appellant’s single
issue challenges the legal and factual sufficiency of the evidence to support his
conviction. We affirm. 
Background
          A few weeks before the incident that gave rise to his conviction, appellant
had been a guest in complainant’s home at a party given for one of complainant’s
daughters. During the party, the daughter asked appellant to leave because he
smelled like marihuana. When the daughter reported to complainant that she had
asked appellant to leave, complainant went out into the street, where a verbal
exchange ensued between complainant and several young men. Complainant
concedes that she did not see appellant’s face during that verbal exchange. 
          A few weeks later, complainant heard a knock at her door during the
daytime. As she opened the door, she saw appellant briefly, just before his
companion punched her in the eye. Appellant’s companion continued to restrain
complainant and beat her while appellant walked around the three-room house. He
repeatedly asked complainant where she kept her money. Although she never
disclosed that information, she explained at trial that appellant seemed to be
looking for something in particular. Appellant searched the house for about ten
minutes while his companion beat complainant, struggled with her, and held her in 
a choke hold until she managed to escape. Complainant has a black belt in Tae
Kwon Do and was able to flip her attacker, which caused both men to flee without
taking any property from the home. 
          Police and paramedics responded to complainant’s 911 call, and her eldest
daughter arrived home from high school. When complainant described the
intruders, her daughter commented that one description sounded like appellant,
whom she knew from school, but who had not been at school that day. Appellant
claimed he was with two other persons on the day of the offense, but they both
denied this. Complainant later identified appellant from a photo spread as one of
the intruders. 
Standard of Review 
          In addressing a challenge to the legal sufficiency of the evidence, we review
the evidence in the light most favorable to the verdict to determine whether any
rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). In
reviewing the evidence on factual sufficiency grounds, we review all the evidence
neutrally and not in the light most favorable to the prosecution. Johnson v. State,
23 S.W.3d 1, 7 (Tex. Crim. App. 2000). Under both legal and factual sufficiency
analysis, the jury is the exclusive judge of the facts, the credibility of the witnesses,
and the weight to give their testimony. Jaggers v. State, 125 S.W.3d 661, 672
(Tex App.—Houston [1st Dist.] 2003, pet. ref’d). The jury may believe all, some,
or none of any witness’s testimony. See Sharp v. State, 707 S.W.2d 611, 614 (Tex.
Crim. App. 1986) (stating that jury “could choose to believe or not believe the
witnesses, or any portion of their testimony”). 
          When evaluating a challenge to the factual sufficiency of the evidence, we
view all the evidence in a neutral light and inquire whether the jury was rationally
justified in finding guilt beyond a reasonable doubt. Zuniga v. State, No. 539-02,
2004 WL 840786 at * 7 (Tex. Crim. App. Apr. 21, 2004). A reviewing court may
find the evidence factually insufficient in two ways. Id. First, when considered by
itself, the evidence supporting the verdict may be too weak to support the finding
of guilt beyond a reasonable doubt. Id. Second, after weighing the evidence
supporting the verdict and the evidence contrary to the verdict, the contrary
evidence may be strong enough that the beyond-a-reasonable-doubt standard could
not have been met. Id. In conducting a factual-sufficiency review, we must
discuss the evidence that, according to appellant, most undermines the jury's
verdict. See Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).
              In conducting the factual-sufficiency review, we must also defer
appropriately to the factfinder to avoid substituting our judgment for its judgment. 
Zuniga, 2004 WL 840786 at *4. Our evaluation may not intrude upon the
factfinder’s role as the sole judge of the weight and credibility accorded any
witness’s testimony. Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).
The factfinder alone determines what weight to contradictory testimonial evidence
because that question depends on how the factfinder evaluates credibility and
demeanor. Id. at 408. As the determinor of the credibility of the witnesses, the
factfinder may choose to believe all, some, or none of the testimony presented. Id.
at 407.
          A person commits burglary by (1) entering a habitation, (2) without the
effective consent of the owner, and (3) with intent to commit a felony, a theft, or an
assault. Tex. Pen. Code Ann. § 30.02(a)(1) (Vernon 2003). 
Legal and Factual Sufficiency
          In his single issue, appellant contends that the evidence is legally and
factually insufficient to sustain his conviction for burglary of a habitation because
(1) the evidence supports the inference that appellant and his companions entered
complainant’s home to retaliate for being asked to leave earlier, rather than to rob
her; (2) there is no evidence that appellant knew that complainant and her
daughters kept a stash of money; and (3) appellant took no money or property from
the home. Each of these arguments challenges the third element of the offense of
burglary, specifically, whether appellant entered complainant’s home with intent to
commit theft. See id. 
          In a prosecution for burglary of a habitation with intent to commit theft, the
defendant’s intent in entering the dwelling is a fact question for the jury, to be
decided from the surrounding circumstances. Lewis v. State, 715 S.W.2d 655, 657
(Tex. Crim. App. 1986). The surrounding circumstances here include the
following: (1) the intruders entered complainant’s home in an aggressive manner;
(2) appellant repeatedly asked complainant where she kept her money while his
companion held her in a choke hold and beat her for about ten minutes; (3)
although she conceded that she could not say that she had seen appellant’s face
during the earlier incident at her home, complainant identified appellant from a
photospread as one of the two men who intruded into her home and the man who
asked repeatedly where she kept her money; and (4) appellant had no corroborated
alibi, and complainant’s daughter stated that he was not at school on the day of the
offense. We cannot overturn a jury finding that resolves conflicts in the evidence
and requires assessment of the credibility of witnesses. See Jaggers, 125 S.W.3d
at 672.
A.      “Humiliation” Motive 
          Even if appellant had the secondary motive to humiliate the complainant for
being banished from her home at the earlier party, that secondary motive does not
negate the evidence that appellant repeatedly asked complainant where she kept her
money after his companion punched complainant in the eye and beat her and held
her in a choke hold for about ten minutes. See Ramirez v. State, 815 S.W.2d 636,
642-643 (Tex. Crim. App. 1991) (although confession established that appellant
intended to commit theft, that evidence did not prevent State from presenting other
relevant evidence on appellant’s intent to commit sexual assault). 
          After viewing the evidence, both in the light most favorable to the verdict
and neutrally, we conclude that the evidence is legally and factually sufficient to
prove that appellant entered the complainant’s home with intent to commit theft,
and not solely to retaliate for his being banished from her home. 
B.      Knowledge of Stash of Money
          Appellant also contends that there is no specific evidence that he knew of a
stash of money that complainant kept. But, the State was not required to prove that
appellant knew that complainant had money or that he knew where her money was
in order to establish that he entered complainant’s home with intent to commit
theft. See Lewis, 715 S.W.2d at 657. That appellant demanded to know where
complainant kept her money was sufficient to show that appellant intended to
commit theft by stealing any money that complainant might disclose. Moreover,
the record belies appellant’s contention: according to complainant, appellant
appeared to be looking for something in particular. 
          We conclude that the evidence was both legally and factually sufficient to
support the jury’s implied findings that (1) appellant was looking for a stash of
money that complainant kept in her home and (2) that he entered her home with
intent to steal it.
C.      Nothing Taken
          Lastly, appellant emphasizes that he did not take any property from
complainant’s home. To obtain a conviction of burglary, however, the State need
only establish only that appellant entered complainant’s property with intent to
commit theft; the State need not establish that appellant actually committed a theft.
See Lewis, 715 S.W.2d at 657 (stating, “[A] burglarious entry made with intent to
commit theft is the complete theft, whether any theft is actually perpetrated
thereafter.”).
D.      Summary
          Appellant entered complainant’s home aggressively with a companion who
assaulted complainant while appellant demanded to know where she kept her
money. We conclude that, when viewed in the light most favorable to the verdict,
the evidence is legally sufficient to establish burglary with intent to commit theft. 
          Appellant’s statements demanding to know where complainant kept her
money show his intent to commit theft. In weighing the supporting and contrary
evidence neutrally and acknowledging that the jury alone determines the credibility
of witnesses and the weight to give their testimony, we conclude that a rational
jury could have found that appellant was guilty of burglary with intent to commit
theft even if he was also motivated by humiliation, even if the evidence did not
establish that he knew where complainant kept her money, and even though he
took nothing from complainant. Accordingly, the evidence, viewed neutrally, is
factually sufficient to establish burglary with intent to commit theft.
Conclusion
We affirm the judgment of the trial court.



     Elsa Alcala
     Justice

Panel consists of Chief Justice Radack and Justices Keyes and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).