**Opinion filed August 23, 2018**



## In The

# Eleventh Court of Appeals

_____

## No. 11-16-00271-CR

_____

## GEORGE VICTOR AHENKORAH, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law**
**Midland County, Texas**
**Trial Court Cause No. 152939**

## M E M O R A N D U M   O P I N I O N

The jury convicted George Victor Ahenkorah of Class B theft. The trial court imposed a fine of $500 as the sole punishment. In a single issue on appeal, Appellant challenges the sufficiency of the evidence supporting his conviction. We affirm.

*Background Facts*

The information charged Appellant with unlawfully acquiring and exercising control over a Wildgame K411 digital trail camera from Walmart without the

consent of Walmart and with the intent to deprive Walmart of the camera. Appellant worked for Walmart as an overnight stocker at its store located on Interstate 20 in Midland.

Jason Florence worked as an asset protection manager at the same Walmart store. Florence testified that he became aware of a theft occurring at the store when employees reported finding two manuals for a game camera in an area of the store that was managed by vendors. This area of the store was not accessible to customers because it was not located in the public area of the store. The employees also found an empty box for the camera in the same area. Florence stated that the camera was a "site-to-store" product that a customer had purchased online and had shipped to the store for pick up by the customer. The camera was placed on a set of shelves along with other items marked with orange tape indicating that they were site-to-store products.

Florence reviewed surveillance video from the store in order to determine who opened the camera box. Florence assumed that a Walmart associate had opened it because of the area of the store where the site-to-store products were located. The video indicated that Appellant was opening site-to-store boxes. Florence testified that Appellant's job duties did not include opening these boxes because site-to-store products would not be stocked on store shelves but, rather, were held for customers to pick up. The surveillance video also revealed Appellant walking away with the camera. Florence also observed Appellant cutting the thick, plastic packaging off the camera with his box cutter and placing the plastic packaging into a cardboard compactor. The surveillance video also revealed Appellant carrying the camera in his hand.

Florence notified his supervisor of the missing item, and they contacted the customer who purchased the item to let him know that the camera had been taken. Florence testified that Walmart reimbursed the customer because the item had

already been paid for.  Florence and the supervisor later called Appellant in for an interview.  Appellant provided a handwritten statement at the interview, which provided as follows:

> I sincerely and honestly apologize for causing a loss and a shrinkage[1] to Walmart.  I agree to opening a package when I was not supposed to.  That day, I was under trauma since my brother had been on admission at the hospital and I barely had sleep.  This made me sleepy on the said night.  I mistakenly opened that box and not all the contents of it were returned to claims.
>
> I am therefore making a humble appeal to asset protection and management to kindly let me make the issue right.  I apologize for my negligence and I am willing to do all things possible to make the situation right.
>
> I hereby affirm my total commitment to help reduce shrinkage and loss.  The amount of the item is $61.71 and I promise to do what the company will ask me to do to make this right even if I have to pay the full cost of the item.

Florence testified that Appellant told him and the supervisor that Appellant placed the camera in his pocket but that it may have fallen out.  However, Appellant stated that he had taken the cord for the camera home with him.  The camera was never recovered.

### Analysis

We review a challenge to the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979).  *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd).  Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a

---

[1]Florence defined "shrink" as "the unidentified or identified loss of merchandise in a store."

3

reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). When conducting a sufficiency review, we consider all the evidence admitted at trial, including pieces of evidence that may have been improperly admitted. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict, and we defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

Appellant directs his challenge to the sufficiency of the evidence on the element of intent. He contends that there is insufficient evidence that he had an intent to deprive Walmart of the camera. He asserts that the jury could not have rationally found that he intended to deprive Walmart of the camera because he stated that he negligently opened the box because he was tired.

A person commits theft if he unlawfully appropriates property with the intent to deprive the owner of the property. *See* TEX. PENAL CODE ANN. § 31.03 (West Supp. 2017). "[T]he gravamen of theft is in *depriving the true owner of the use, benefit, enjoyment or value of his property*, without his consent." *Stewart v. State*, 44 S.W.3d 582, 588–89 (Tex. Crim. App. 2001) (quoting *McClain v. State*, 687 S.W.2d 350, 353 (Tex. Crim. App. 1985)). "A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result." PENAL § 6.03(a) (West 2011). "Deprive" means "to withhold property from the

owner permanently or for so extended a period of time that a major portion of the value or enjoyment of the property is lost to the owner" or "to dispose of property in a manner that makes recovery of the property by the owner unlikely." *Id.* § 31.01(2)(A), (C).

The issue of intent in a theft case is a fact question for the jury to resolve. *See State v. Fuller*, 480 S.W.3d 812, 823 (Tex. App.—Texarkana 2015, pet. ref'd). Intent is typically proven through circumstantial evidence. *See Robles v. State*, 664 S.W.2d 91, 94 (Tex. Crim. App. 1984). "It is well settled that the intent to commit theft may be inferred from the circumstances." *Lewis v. State*, 715 S.W.2d 655, 657 (Tex. Crim. App. 1986); *see Guevara v. State*, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004) ("Intent may also be inferred from circumstantial evidence such as acts, words, and the conduct of the appellant.").

Appellant contends that his written statement, his oral admissions to store officials, and his actions on the surveillance video showed that he only acted negligently with respect to the game camera and that he did not have an intent to deprive Walmart of the game camera. We disagree. The jury's decision to accept or reject the reason that Appellant gave for his actions involved a credibility determination for the jury to make. The jury is the sole judge of the witnesses' credibility, and we defer to that resolution when asked to review the sufficiency of the evidence. *See Brooks*, 323 S.W.3d at 899.

The evidence in this case shows that Appellant removed the camera from an area where site-to-store items were stored and clearly marked. These items were not stocked on store shelves for customers to purchase because they were items purchased online by customers and shipped to the store for pickup. In addition to removing the camera from this location, Appellant removed the camera from its box, discarded the manuals that accompanied it, cut off the plastic packaging that contained the camera, discarded the packaging, and placed the camera in his pocket.

Considering the evidence in the light most favorable to the verdict, a rational trier of fact could have found beyond a reasonable doubt that Appellant acted with the intent to deprive Walmart of the camera. Accordingly, the evidence was sufficient to support Appellant's conviction. We overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

JUSTICE


August 23, 2018

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, J.; Gray, C.J., 10th Court of Appeals[2]; and Wright, S.C.J.[3]

Willson, J., not participating.

---

[2]Tom Gray, Chief Justice, Court of Appeals, 10th District of Texas at Waco, sitting by assignment to the 11th Court of Appeals.

[3]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.