

§

CEASAR MONTOYA SOLTERO,            No. 08-19-00146-CR

§

Appellant,                         Appeal from the

§

v.                                   109th District Court

§

THE STATE OF TEXAS,             of Winkler County, Texas

§

Appellee.                       (TC# DC18-5722)

§

## **O P I N I O N**

Appellant, Ceasar Montoya Soltero, appeals his conviction of theft of property, U.S. currency of $2,500.00 or more but less than $30,000.00; TEX.PENAL CODE ANN. § 31.03. In his sole issue on appeal, Appellant argues the evidence is insufficient to support his conviction. We disagree.

### *Factual Background*

Appellant and the complainant, Ricky Aranda ("Aranda"), are cousins. At trial, Aranda testified he and Appellant entered into an oral agreement in 2014 for the sale of two lots in Kermit, Texas. Aranda alleged the agreement provided Appellant would convey Aranda the deeds of the two property lots in exchange for $10,000.00. Aranda did not have enough money to pay the full $10,000.00, so Appellant reduced the price of the lots to $8,800.00 to obtain the funds from Aranda. Aranda paid Appellant $8,800.00 total; $5,000.00 by check and the balance in cash

installments. Aranda was not issued receipts for the transaction. Aranda communicated with Appellant via text messages, which were admitted into evidence.

Aranda did not receive the deeds of the lots from Appellant at the time of the sale. The evidence showed that at the time of the sale of the lots, Appellant owned only one of the lots. Moreover, Duff Michel, a real estate broker, testified he placed a lien on the only lot owned by Appellant in 2014 and 2015. Appellant failed to inform Aranda about the lien on the lot, but once Aranda discovered the lot had a lien, he asked Appellant to return his money.

Aranda pursued Appellant for four years through text communications, repeatedly asking Appellant to return the money. Appellant continually promised to pay Aranda back. Finally, on April 25, 2015, Appellant tendered a check for $8,800.00 to Aranda. Aranda deposited Appellant's check, but it was returned for insufficient funds. Subsequently, Aranda texted Appellant, "Getting a lawyer is the only way I will be able to get my money back for the lots?" to which Appellant replied, "Do it bro u don't scare me one bit thats for sure my mom and dad know whats going on anyways so proceed."

During cross-examination, Aranda agreed he loaned the money to Appellant; however, on re-direct, Aranda was asked to clarify whether the transaction was merely a loan or a sale of the two lots. Aranda confirmed his and Appellant's agreement was a sale of the two lots for the price of $8,800.00.

### *Procedural Background*

Appellant was indicted for unlawfully appropriating property—U.S. currency of more than $2,500.00 but less than $30,000.00—from Aranda, without his effective consent and with the intent to deprive him of it. Appellant was convicted of theft of property, greater than $2,500.00 but less than $30,000.00; TEX.PENAL CODE ANN. § 31.03. This appeal followed.

2

## DISCUSSION

### *Issue*

In his sole issue on appeal, Appellant contends the evidence presented at trial was insufficient to support his conviction of theft. Appellant argues the evidence failed to show he intended to deprive Aranda of the $8,800.00. Appellant asserts Aranda simply loaned the $8,800.00 to him because there is no evidence the real property was to be sold or transferred to Aranda.

### *Standard of Review*

When reviewing the legal sufficiency of the evidence, we must view all of the evidence in the light most favorable to the verdict to determine whether any rational juror could have found the defendant guilty of the essential elements of the offense beyond a reasonable doubt. *Salinas v. State*, 163 S.W.3d 734, 737 (Tex.Crim.App. 2005). Additionally, we treat circumstantial evidence as being equally probative as direct evidence. *Guevara v. State*, 152 S.W.3d 45, 49 (Tex.Crim.App. 2004)(*citing Templin v. State*, 711 S.W.2d 30, 33 (Tex.Crim.App. 1986)). Therefore, a lack of direct evidence is not dispositive on the issue of the defendant's guilt; guilt may be established by circumstantial evidence alone. *Id.*, at 49 (*citing Miles v. State*, 165 S.W. 567, 570 (Tex.Crim.App. 1914)). We bear in mind that the trier of fact is the sole judge of the weight and credibility of the evidence, and we must presume the fact finder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex.Crim.App. 2014) (*citing Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). A reviewing court may not reevaluate the weight and credibility of the evidence or substitute its judgment for that of the fact finder. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex.Crim.App. 2010)(*citing Dewberry v. State*, 4 S.W.3d 735, 740 (Tex.Crim.App. 1999)). Our only task under this standard is to determine whether, based on the

evidence and reasonable inferences drawn therefrom, a rational juror could have found the essential elements of the crime beyond a reasonable doubt. *Id*.

### *Applicable Law*

A person commits theft if the person unlawfully appropriates property with the intent to deprive the owner of the property. TEX. PENAL CODE ANN. § 31.03(a). The offense is a state jail felony if the property value is $2,500.00 or more but less than $30,000.00. TEX. PENAL CODE ANN. § 31.03(e)(4).

"Appropriation is unlawful if it is without the owner's effective consent." *Taylor v. State,* 450 S.W.3d 528, 535 (Tex.Crim.App. 2014). Consent to the appropriation of the property is rendered ineffective if a defendant engaged in deception and by this deception, induced that consent. TEX. PENAL CODE ANN. § 31.01(3)(A). A defendant engages in deception if he sells or otherwise transferred or encumbered property without disclosing a lien or he "promis[ed] performance that is likely to affect the judgment of another in a transaction and that the actor does not intend to perform or knows will not be performed . . . ." TEX. PENAL CODE ANN. § 31.01(1)(D), § 31.01(1)(E).

A person acts with intent to deprive an owner of property when it is his conscious objective or desire "to withhold property from the owner permanently . . . ." TEX. PENAL CODE ANN. § 31.01(2)(A). "A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result." TEX. PENAL CODE ANN. § 6.03(a). A person acts "knowingly, or with knowledge . . . when he is aware that his conduct is reasonably certain to cause the result." TEX. PENAL CODE ANN. § 6.03(b). The issue of intent is a question of fact for the jury to resolve. *State v. Fuller*, 480 S.W.3d 812, 823 (Tex.App.—Texarkana 2015, pet. ref'd). Intent is usually

proven through circumstantial evidence, such as defendant's acts, words, and conduct. *Guevara v. State*, 152 S.W.3d 45, 50 (Tex.Crim.App. 2004); *Lewis v. State*, 715 S.W.2d 655, 657 (Tex.Crim.App. 1986)("It is well settled that the intent to commit theft may be inferred from the circumstances."). Moreover, similar transactions are admissible for showing intent in theft cases. TEX.PENAL CODE ANN. § 31.03(c)(1).

If a theft case involves an unfulfilled contractual obligation, it requires proof of more than just the intent to deprive the owner of the property and subsequent appropriation of the property. *Wirth v. State*, 361 S.W.3d 694, 697 (Tex.Crim.App. 2012). The State is required to prove "that the appropriation was a result of a false pretext, or fraud." *Id.* The evidence must prove the accused intended to deprive the owner of the property at the time that it was taken. *Id.* "If no more than intent [to deprive] and appropriation is shown in a contract claim, nothing illegal is apparent, because under the terms of the contracts, individuals typically have the right to 'deprive the owner of property,' albeit in return for consideration." *Baker v. State*, 986 S.W.2d 271, 274 (Tex.App.—Texarkana 1998, pet. ref'd). "Only when, at the time that money is exchanged pursuant to the contract, the accused either intends not to, or at least knows he will not, perform his part of the bargain may he be held criminally liable for theft." *Taylor*, 450 S.W.3d at 536.

### *Analysis*

In his sole issue on appeal, Appellant contends the evidence is legally insufficient to support his conviction of theft. Appellant asserts the State failed to prove Appellant intended to deprive Aranda of the funds because the transaction was a loan and Appellant simply was unable to pay back the loan.

The evidence supporting Appellant's intent to deprive Aranda of the property can be inferred from Appellant's acts, words, and conduct. Appellant's failure to convey the properties

and refund the $8,800.00 is sufficient to support Appellant's intent. Moreover, the circumstances surrounding the way Appellant obtained the funds, without providing Aranda with receipts, further supports Appellant possessed the requisite intent to deprive Aranda. Appellant told Aranda he would transfer the deeds to the properties to Aranda in exchange for $8,800.00, but at the time, Appellant only owned one of the two lots. Further, the only lot Appellant owned was encumbered with a lien.

Intent to deprive can also be inferred from Aranda's testimony that although he paid the money, Appellant failed to execute the legal documents for the transfer of the lots to Aranda. Aranda stated Appellant would repeatedly tell him the paperwork was "almost done" for the transaction, but Aranda never received it. Aranda stated Appellant would ask where they could meet to pay Aranda his money, but Appellant would never show up. Aranda testified on April 25, 2015, Appellant gave Aranda a check for $8,800.00; however, after Aranda deposited the check, it was returned for insufficient funds. Aranda asked Appellant if the only way he would be able to get his money back was by taking Appellant to court, to which Appellant replied in the affirmative.

Appellant argues the transaction was a loan because no evidence was introduced to show the parties contemplated a sale. Aranda testified their agreement was not a loan, but a sale of two lots Appellant purportedly owned. Aranda's intent was to purchase the lots and he tendered the money for the lots, relying on Appellant's promise to convey both lots. To date, Aranda has not received the deeds for the lots, nor any refund from Appellant.

We recognize a rational trier of fact could draw an inference of Appellant's intent to deprive from the circumstantial evidence and conclude he appropriated the property—U.S. currency in the amount of $8,800.00. Accordingly, we find the evidence is legally sufficient to support Appellant's conviction of theft beyond a reasonable doubt.

6

**CONCLUSION**

For these reasons, we affirm.

December 9, 2020

YVONNE T. RODRIGUEZ, Justice

Before Alley, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)